**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MICHAEL BROWN, a/k/a Michael
Haseem Brown, a/k/a Rasheem
Jamal Russell, a/k/a Hakeem
Brown, a/k/a Rasheem Russell,
            *Defendant-Appellant.*

No. 01-4611

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge;
Leonie M. Brinkema, District Judge.
(CR-01-23-A)

Submitted: January 18, 2002

Decided: February 8, 2002

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter L. Goldman, O'REILLY & MARK, L.L.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Kathleen M. Kahoe, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Brown appeals his conviction following his conditional guilty plea to one count of possession of a firearm by a felon. *See* 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal, Brown asserts the district court improperly denied his motion to suppress a firearm found in his shoe following his arrest. We affirm.

Brown was arrested for public intoxication, and the firearm in question was discovered during a subsequent custodial search of Brown's person. Accordingly, unless the arrest was illegal, that search does not implicate the Fourth Amendment. *See Chimel v. California*, 395 U.S. 752, 762-63 (1969) (holding police officers may conduct warrantless search of suspect's person after arrest to remove weapons that could be used to resist arrest or escape). Reviewing evidence presented at the suppression hearing in the light most favorable to the government, *see United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998) (providing standard of review), we find there was an adequate basis for Brown's arrest for public intoxication, and that that basis existed prior to the frisk conducted by the arresting officer. *See Ker v. California*, 374 U.S. 23, 37 (1963) (noting the legality of arrest for state offense that does not otherwise implicate the Constitution is to be judged by state law); *Fierst v. Virginia*, 173 S.E.2d 807, 810 n.2 (Va. 1970) (providing statutory definition of intoxicated). Accordingly, we find no error in the district court's denial of Brown's motion to suppress.

In light of the foregoing, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*